IN THE MATTER OF THE APPLICATION OF THE STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY TO ACQUIRE TITLE TO CERTAIN REAL ESTATE OF CHARLES K. HAMILTON AND OTHERS.

*Commissioners to appraise land to be taken for railroad purposes — their report will not be set aside because they charged and received from the company more than the statutory compensation for their services.*

A motion to confirm the report of commissioners appointed to appraise the damages to be awarded to the owners of land taken for railroad purposes was denied and the report was set aside, upon the objection of certain of the property owners that the commissioners had received from the railroad company compensation for their services exceeding that prescribed by the statute. It did not appear that the commissioners required any stipulation in advance respecting their fees, or that there was any agreement on the subject at any time. After their services were completed they made out a bill which was presented to and paid by the company.

*Held*, that the court erred in setting aside the report.

That while it was true that courts will guard against improper influence and will require the avoidance of the very appearance of evil, yet no rule has

yet been established which makes it necessary or proper for the court to set aside a report of commissioners simply because they have charged and received a fair and adequate compensation for the time they have devoted to the discharge of their duties and the services they have performed.

The objecting land-owner was present at a meeting of the commissioners, when his counsel requested a postponement, which was opposed by the counsel for the company, who stated, as one ground of his opposition, that the commission was costing the company $100 for every day it was in session.

*Held*, that this was a plain statement that the commissioners would receive over thirty dollars a day, and that any objection which the owner might have should have been then made.

APPEAL taken by the Staten Island Rapid Transit Railroad Company from an order made at the Kings County Special Term, and entered in Richmond county, setting aside the report and appraisal of commissioners appointed to condemn property for railroad purposes.

The ground upon which the order was made was that after the report had been filed the commissioners charged, and the company paid to them, for their services larger fees than the *per diem* allowance of five dollars fixed by statute. It appeared that the company had been in the habit of paying all the commissioners in such proceedings twenty-five dollars each per day, and that the commissioners employed in these proceedings had served in similar proceedings.

*Stewart & Boardman*, for the railroad, appellant.

*Henry E. Knox*, for the land-owners, respondents.

DYKMAN, J.:

This is an appeal from an order setting aside a report of commissioners of appraisal because they received compensation for their services beyond the allowance prescribed by the statute. It does not appear that they required any stipulation in advance respecting their fees, or that there was any agreement on the subject at any time, but, after their services were completed and their report made and filed, they made a bill which was paid by the company, the only source from which they could derive their fees. Their position was not similar to that of a referee to hear and determine an action, whose fees are to be paid in the first instance to him by the successful party. The compensation must come from the railroad company without recourse to the property owner, and without reference to the amount of their reward. It cannot be assumed that any

advantage enures to the company from that fact, but if it has any influential operation it cannot be attributed as a fault either to the commissioners or the company. The property owner has neither duty nor interest respecting the fees of the commissioners, and so long as he secures a just result by the award they make he cannot be heard to complain. In this case there is no complaint against the commissioners or their award and no abuses of any kind are even suggested.

The commissioners performed their duties, and then, after all was over and done, made a charge for their services such as they deemed just and proper, and the company paid the bill instead of precipitating a controversy. The facts seem to furnish no adequate reason for setting aside a just report. Besides all this, the land-owner himself states that he was present at a meeting of the commissioners when his counsel requested a postponement, and when the counsel for the company stated, as one ground of his opposition, that the commission was costing the company $100 for every day it was in session. This was a plain statement that the commissioners would receive over thirty dollars a day, and yet no objection was made, and certainly if any was contemplated the appropriate time to make it was then.

It is quite true that courts have and will guard against improper influence, and will require the avoidance of the very appearance of evil, but no rule yet established makes it necessary or proper for the court to set aside a report of commissioners simply because they have charged and received a fair and adequate compensation for the time they have devoted to the discharge of their duties, and the services they have performed.

The order should be reversed, with ten dollars costs and disbursements, and the motion to set aside the report should be denied, with ten dollars costs, and the motion to confirm the report of the commissioners should be granted, without costs.

BARNARD, P. J., concurred; CULLEN, J., not sitting.

Order setting aside report reversed, with costs, and motion denied, with costs and disbursements, and report confirmed, without costs.